**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDITH SANCHEZ, | No. 08-71077 |
| Petitioner, | Agency No. A070-148-290 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Edith Sanchez, a native and citizen of the Philippines, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

The record does not compel a finding that the threats and harassment Sanchez suffered in the Philippines rose to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005). Sanchez's claim for humanitarian asylum necessarily fails because she did not establish past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Furthermore, substantial evidence supports the BIA's finding that Sanchez failed to demonstrate a well-founded fear of future persecution because it is too speculative she will be persecuted in the Philippines. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (record evidence did not show petitioner had objectively reasonable basis for future fear). Accordingly, Sanchez's asylum claim fails.

Because Sanchez failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

08-71077

Substantial evidence supports the BIA's denial of CAT relief because Sanchez failed to establish it is more likely than not that she will be tortured if returned to the Philippines. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Sanchez's due process claim regarding the agency's denial of her request to seek cancellation of removal fails because she waived appeal of the denial of her application for cancellation and did not request reopening of her cancellation application. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for due process claim).

Finally, we lack jurisdiction to consider Sanchez's due process claim based on an incomplete record because she failed to exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**